

Villanova University School of Law

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-20-2006

# USA v. McElveen

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1240

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. McElveen" (2006). *2006 Decisions.* Paper 726.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/726

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNTIED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 05-1240

USA

v

CARL MCELVEEN, Appellant

Appeal from the Untied States District Court
for the Eastern District of Pennsylvania

District Court No: 03-cr-00542

District Judge: Honorable Mary A. McLaughlin

Submitted Pursuant to Third Circuit LAR 34.1(a)

July 11, 2006

Before: Sloviter, McKee and Rendell, Circuit Judges

(Filed July 20, 2006 )

OPINION

McKEE, Circuit Judge

Carl McElveen appeals the district court's judgment of sentence in which the court sentenced him to 75 months of imprisonment following his guilty plea. The plea was entered pursuant to a plea agreement in which McElveen waived his right to appeal absent certain contingencies that are not present. For the reasons that follow, we will affirm.

McElveen asks us to review the reasonableness of his sentence pursuant to *United States v. Booker*, 543 U.S. 220 (2005). However, as noted, he entered into a plea agreement in which he expressly waived all his rights to appeal or collaterally attack his conviction, sentence, or any other matter relating to his prosecution, Supp. App. at 5.

Such waivers are valid and are strictly construed if entered into knowingly, voluntarily and intelligently. *United States v. Khattak*, 273 F. 3d 557, 562-63 (3d. Cir. 2001). Nothing on this record suggests that McElveen's plea agreement was not entered into knowingly, voluntarily or intelligently. Thus absent a miscarriage of justice, McElveen's waiver effectively deprives us of jurisdiction to review the merits of his appeal. *Id.* Here, there is not even a suggestion that enforcing the waiver would result in any such miscarriage.

McElveen's offense level under the Sentencing Guidelines was 23, and his criminal history category was "V." This resulted in a sentencing range of 84-105 months of imprisonment as stated in the Presentence Investigation Report. App. 43. The court imposed a sentence of 75 months incarceration, which fell below the applicable Guideline range. There was no upward departure, and the sentence is clearly less than the statutory maximum.

McElveen argues that *Booker* grants the right to appeal the reasonableness of his sentence despite his waiver. However, an intervening court decision does not negate the waiver in his plea agreement. *United States v. Lockett*, 406 F. 3d 207, 213 (3d Cir. 2005).

We have held that, despite the sea change that followed in the wake of *Booker*, we will enforce the terms of a valid waiver of the right to appeal from a sentence imposed pursuant to a guilty plea. *Id*. At 213-14. Moreover, before sentencing, all parties and the sentencing court recognized the impact of *Booker,* and understood that the Guidelines had become advisory. App. 25.

Accordingly we will affirm the judgment of sentence.